■ In the Matter of the Claim of LAURA GILSON, Respondent, v. BICKFORD'S, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appellants contest the finding of the board that the employer did not have knowledge of any permanent disability within the meaning of subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant worked for the employer herein for a number of years and on various occasions was absent from work because of a back condition, all of which the employer had knowledge. In April, 1954 she received a compensable back injury which necessitated her absence from work for a year. On April 6, 1955 she returned to work and after two days was again absent. Upon her return she worked until April 19, 1955 when she suffered another back injury which condition was thereafter diagnosed and found to be a permanent partial disability. On April 18 — one day prior to the accident — her attending physician for the first time submitted a report stating her disability resulting from the accident of April, 1954, was permanent. In all of his prior reports he had stated as to whether the condition was permanent as " indefinite ". In a report dated May 21, 1954 he stated that there was a " possible herniated disc ". From the record it is apparent that for a long time prior to April, 1954, the claimant suffered from a chronic back condition and that the employer had knowledge of such condition. The query then concerns itself with whether or not the employer when he rehired the claimant in April, 1955, had knowledge that the back condition was permanent. This is not the type of injury which of itself puts the employer on notice of permanency without the necessity of medical proof. The records of this court are replete with back injury cases where even with a disc condition there is no finding of a permanent condition. A disc, if present, is often removed by operation without permanency. The record here, while somewhat close on notice, seems to convey the impression that prior to April, 1955, the claimant was suffering from a recurring back condition which periodically and over a long period of time caused temporary disability and which condition had been diagnosed as a severe back strain. While it might be argued that the record as a whole was sufficient to put the employer on notice when she returned to work in 1955, the weight of the evidence was a factual

determination for the consideration of the board and having made its finding that there was not notice to the employer we find it is supported by substantial evidence. Decision of Workmen's Compensation Board unanimously affirmed, with costs to the Special Fund against appellants.